UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY LEONARD STAFFORD,

        Petitioner,

v.

WILLIS CHAPMAN,[1]

        Respondent.
_____/

Case Number 5:22-10818

Hon. Jonathan J.C. Grey
United States District Judge

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 8], DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS [ECF NO. 1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Jeremy Leonard Stafford, a state prisoner currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his jury trial convictions in the Saginaw County Circuit Court on charges of assault with intent to commit murder, Mich. Comp. Laws § 750.83; two counts of assaulting, resisting, or obstructing a police officer, Mich. Comp. Laws § 750.81d; witness

---

[1] Consistent with the Rules Governing Habeas Corpus Cases and this order, the caption will be amended on the docket to reflect the proper Respondent, Petitioner's current custodian.

interference, Mich. Comp. Laws § 750.122(7)(b); unlawful imprisonment, Mich. Comp. Laws §750.349b; and domestic assault, Mich. Comp. Laws §750.81. Stafford was sentenced as a fourth-offense habitual offender to concurrent prison terms of forty-seven years, six months, to eighty years' imprisonment for his assault conviction, three to fifteen years for the resisting and obstructing convictions, four to fifteen years for witness interference, and six to fifteen years for unlawful imprisonment.

Now before the Court is Respondent's motion to dismiss the petition because it is time-barred under AEDPA's one-year statute of limitations. (ECF No. 8.) Having reviewed the petition, Rule 5 materials, and Respondent's motion, the Court concludes that the petition is untimely. The Court **GRANTS** Respondent's motion, and the petition will be dismissed.

**I.     Background**

For attempting to throw his wife into traffic on I-75 and other actions taken by Petitioner after that incident, a Saginaw County Circuit Court jury convicted him of assault with intent to commit murder, Mich. Comp. Laws § 750.83; two counts of assaulting, resisting, or obstructing a police officer, Mich. Comp. Laws § 750.81d; witness interference, Mich.

2

Comp. Laws § 750.122(7)(b); unlawful imprisonment, Mich. Comp. Laws §750.349b; and domestic assault, Mich. Comp. Laws §750.81. The Michigan Court of Appeals summarized testimony introduced at Petitioner's jury trial as follows:

> David Denski testified that as he was driving on I–75, he saw Stafford and the victim struggling on the side of the highway. Denski's wife, Rebecca Good, testified that she saw the victim try to leave the road several times, but Stafford repeatedly grabbed her and pulled her back to the road. According to Denski, Stafford made several attempts to throw the victim into oncoming traffic, which the victim resisted. As Denski approached at 70 miles an hour, Stafford threw the victim into the road in front of Denski's truck. The victim landed only 5 or 10 feet in front of Denski's truck and he slammed on his brakes and swerved. Denski initially thought that the victim "was gone under [his] truck," but he realized that he had not hit her. Good testified that she immediately called 911 because she believed that Stafford had tried to kill the victim.
>
> Michael Lemist testified that he was also driving on I–75 when he saw a man and a woman struggling beside the highway. He saw Stafford push the victim so hard that she landed face-down in the road with her torso in the middle lane and her legs in the right lane. The truck in front of Lemist almost hit the victim. Lemist also stopped his car and called 911 because he thought Stafford was trying to kill the victim. As he looked behind him, he saw that Stafford and the victim were back in their car and Stafford was punching the victim repeatedly.
>
> Michigan State Police Trooper David Murchie testified that, at the scene, the victim told him that Stafford had thrown her into traffic and struck her after she confronted Stafford about drinking alcohol. According to Trooper Murchie, the victim

3

> testified that she pulled the car over after Stafford grabbed her arm, Stafford got out of the car, picked the victim up, and threw her into the road. The victim also stated that Stafford pinned her to the ground until other people intervened. Trooper Murchie testified that Stafford tore up the victim's statement and was extremely disruptive in the police car, refused to leave the vehicle, and fought the officers who tried to remove him from the car.
>
> The victim testified that she did not want to testify against Stafford. She also testified that she struck Stafford first, was never in the road, and that arms were flailing in their car but they never hit each other. According to the victim's father, the victim told him that she had a heated argument with Stafford, but never went into the road.
>
> The prosecution entered into evidence the recordings of several telephone calls between the victim and Stafford while Stafford was in jail. Michigan State Police Trooper Jessica Welton testified that Stafford made some of the calls with other inmates' identification numbers at times he was not supposed to have contact with the victim. During one of the phone calls, Stafford stated that he did not want to go back to prison.

*People v. Stafford*, No. 324651, 2016 WL 520051, at *1–2 (Mich. Ct. App. Feb. 9, 2016).

The court of appeals affirmed Petitioner's convictions, but remanded the case to the trial court for a hearing "to determine whether it would have imposed a materially difference sentence under the sentencing procedure described in *People v. Lockridge,* 498 Mich. 358; 870 NW2d 205 (2015)." *Id.* at *4. Petitioner filed an application for leave to

4

appeal the decision to the Michigan Supreme Court, but it was rejected as untimely. *See* Docket, No. 324651, Entry No. 39.[2]

On remand, the trial court declined to resentence Petitioner, indicating it would have imposed the same sentence under the changed sentencing procedure. *People v. Stafford (Stafford II)*, No. 335223, 2018 WL 521896, at *1 (Mich. Ct. App. Jan. 23, 2018). Petitioner appealed the trial court decision and the court of appeals affirmed. *Id.* Petitioner appears not to have filed an application for leave to appeal to the Michigan Supreme Court. *See* Docket, No. 335223.[3]

On October 11, 2019, Petitioner returned to the state trial court with a motion for relief from judgment. (ECF No. 12.) The court denied the motion. (ECF No. 13.) Petitioner sought leave to appeal the decision in both the state court of appeals and supreme court, but both denied leave. *People v. Stafford*, No. 353502 (Mich. App. Sept. 23, 2020), *lv den.* 507 Mich. 931 (2021).

---

[2] *See* https://www.courts.michigan.gov/c/courts/coa/case/324651. "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir. 2018).

[3] *See* https://www.courts.michigan.gov/c/courts/coa/case/335223. Petitioner also acknowledges he did not file a timely application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID.4.)

5

Almost one year later, on April 11, 2022, Petitioner filed the habeas petition now before the Court and raised eight claims of error. (ECF No. 1.) The Court summarizes the claims as:

I. The trial court judge was impermissibly biased by a pecuniary interest in money generated as the result of a guilty verdict.

II. Petitioner's wife was forced to testify against her will, which denied him due process and a fair trial.

III. Petitioner was denied a fair trial where a witness for the prosecution destroyed exculpatory notes which Petitioner could have used for impeachment.

IV. The trial court erred by refusing to order a mistrial when the prosecution informed the jury Petitioner had been in prison.

V. Petitioner received ineffective assistance of trial counsel when counsel failed to investigate or to call an expert witness.

VI. The trial court erred by permitting the jury to hear Petitioner was on probation at the time of the incident.

VII. Petitioner's sentence does not meet the standards for exceeding the sentencing guidelines.

VIII. Petitioner received ineffective assistance of appellate counsel because the attorney failed to raise strong and obvious issues.

(ECF No. 1.)

In response to this Court's order, Respondent filed Rule 5 materials, as well as a motion to dismiss the petition as untimely. (ECF Nos. 8, 9.) Petitioner did not file a Reply.

II.     Discussion

A § 2254 habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). The time to file a federal habeas corpus petition begins "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, Petitioner's limitations period began when his convictions became final.

7

§ 2244(d)(1)(A). This subsection defines that date at "the latest of the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

A review of Petitioner's procedural history establishes his convictions became final on March 20, 2018. Following his direct appeal, the Michigan Court of Appeals remanded Petitioner's case for the trial court to consider resentencing him under *Lockridge,* 498 Mich. 358. *Stafford*, No. 324651, 2016 WL 520051, at *4. After the trial court declined to resentence Petitioner, the court of appeals affirmed its decision, which disposed of his post-remand appeal, on Jan. 23, 2018. *(Stafford II)*, 2018 WL 521896. When the state court of appeals remands a "case to a lower court for further proceedings," an application for leave to appeal to the Michigan Supreme Court must be filed within fifty-six days of the court of appeals' order "disposing of the case following the remand procedure . . ." Mich. Ct. R. 7.305(C)(5), (5)(c). Petitioner did not file an application for leave, and his time for review in the state supreme court expired fifty-six days after the court of appeals' decision.

The ninety-day period to file a petition for writ of certiorari with the United States Supreme Court typically extends the date a conviction

8

becomes final. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). But the ninety-day extension does not apply when the state supreme court has not ruled on a petitioner's claims. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s].") Accordingly, Petitioner's conviction became final on March 20, 2018. His limitations period to file a habeas petition expired one year later, on March 20, 2019.

Petitioner did not file a habeas petition on or before the expiration of his one-year deadline. Nor did he take any other action within that year which would have tolled the limitations period.

That is, under AEDPA, the limitations period is tolled for "[t]he time during which a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). More than six months after his deadline passed, on October 8, 2019, Petitioner filed a motion for relief from judgment in the state trial court. (*See* Mot., ECF No. 9-12, PageID.659.) But a motion filed *after* the expiration of the one-year limitations period cannot "'revive' the limitations period (i.e., restart the clock at zero); it

9

can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Winkfield v. Bagley*, 66 F. App'x 578, 581 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "[a] state-court petition [for post-conviction relief] . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Lewis v. Rewerts*, No. 4:18-CV-11744, 2019 WL 1931985, at *3 (E.D. Mich. May 1, 2019) (Leitman, J.) (holding that a motion for relief from judgment filed one day after the expiration of AEDPA statute of limitations did not toll the limitations period).

For these reasons, the Court concludes Petitioner's one year limitations period was already expired before he filed his petition for habeas relief in April 2022. It also finds Petitioner has no grounds for equitable tolling of that deadline.

Equitable tolling, which excuses a petitioner's "failure to meet a legally-mandated deadline" may apply when the missed deadline "unavoidably arose from circumstances beyond that [petitioner's]

10

control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (citations omitted). A petitioner seeking equitable tolling must establish "that he diligently pursued his rights; and . . . 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, —— U.S. ——, 130 S. Ct. 2549, 2562 (2010)) (other citation omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Id.* (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

But Petitioner does not acknowledge, much less explain, the delay in filing his motion for post-conviction relief in the state courts. The Court cannot identify any extraordinary circumstances which would permit it to find equitable tolling applies to his case. Nor has Petitioner asserted actual innocence, another basis for equitable tolling. *Cleveland v. Bradshaw*, 693 F.3d 626, 642 (6th Cir. 2012). The petition is untimely and must be dismissed.

11

## III. Certificate of appealability

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable both whether the petitioner states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

In this case, jurists of reason could not find the Court's ruling that the habeas petition is untimely debatable. *See Meriwether v. Cheeks*, No. 21-1397, 2021 WL 5085356, at *2 (6th Cir. Oct. 14, 2021) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (reasonable jurists would not debate the court's decision rejecting equitable tolling where the petitioner did not argue he was entitled to such relief, showed no extraordinary circumstances preventing a timely habeas filing, and

presented no evidence of actual innocence). Accordingly, the Court will deny Petitioner a certificate of appealability.

The Court also denies Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. Conclusion and Order

For the reasons set forth above, Respondent's motion to dismiss the petition (ECF No. 8) is **GRANTED**, and the habeas petition is **DISMISSED WITH PREJUDICE**.

It is further ordered that a certificate of appealability is denied, and Petitioner is denied leave to appeal *in forma pauperis*.

It is further ordered that the Clerk is directed to correct the case caption as indicated above.

**IT IS SO ORDERED.**

Dated: August 18, 2023      **/s/ Jonathan J.C. Grey**
                            JONATHAN J.C. GREY
                            UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2023.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager
